# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

G.W., a minor, by and through her parent
and natural guardian, WILBUR WALKER;

     Plaintiff,

-vs-

WILL CARLETON MIDDLE SCHOOL,
WARREN CONSOLIDATED SCHOOL
DISTRICT, WARREN CONSOLIDATED
SPECIAL EDUCATION DEPARTMENT,
WILL CARLETON MOCI SPECIAL
EDUCATION DEPARTMENT, CHRIS
SHEPARD, in his individual capacity,
KENDALL GIOVANNINI, in her
individual capacity, AMY LOWE, in her
individual capacity, AMANDA
ABERNATHY, in her individual capacity,
JOHN C. BERNIA, JR., Ed.D, in his
individual capacity, ERIC KAUSCH, in
his individual capacity, STEVEN BOOK, in
his individual capacity, CAITLIN LEACH, in
her individual capacity, and JANE/JOHN
DOE 1, in her/his individual capacity,
JANE/JOHN DOE 2, in her/his individual
capacity, JANE/JOHN DOE 3, in her/his
individual capacity, JANE/JOHN DOE 4, in
her/his individual capacity, JANE/JOHN
DOE 5, in her/his individual capacity,
JANE/JOHN DOE 6, in her/his individual
capacity

     Defendants.

Case No. 2:25-cv-13393
Hon.
Magistrate

**Jury Trial Demand**

---

ARIEL B. KELLERSOHN (P86324)
JONATHAN R. MARKO (P72450)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7777

arielk@markolaw.com

_____

**There is no other pending civil action arising out of the transaction or occurrence alleged in this Complaint.**

_____

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the above-named Plaintiff, by and through her attorneys, Marko Law, PLLC, and for her complaint against the above-named Defendants, states as follows:

### INTRODUCTION

1. This is a civil rights case brought by Plaintiff, G.W. against Warren Consolidated School District, Will Carleton Middle School, Warren Consolidated Special Education Department, Will Carleton MOCI Department, and supervisors, administrators, teachers, aids, and staff members of the school district and middle school.

2. Plaintiff G.W. is an 11-year-old girl with well-known and documented Down's syndrome, and she is a part of the school district's special education department.

3. Due to her age and disability, Plaintiff G.W. was assaulted, abused, harassed, and discriminated against by teachers, aids, and other staff members at Will Carleton Middle School on multiple occasions, and throughout all of this, Warren Consolidated School District, Will Carleton Middle School, Warren Consolidated Special Education Department, and the Will Carleton MOCI Department failed to intervene after the abuse, assault, harassment, and blatant discrimination was caught on video camera footage.

4. As a result, Plaintiff G.W. has suffered emotional trauma and substantial disruption to her education. G.W. has not returned to school due to her fear for her physical, personal,

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: (313) 470-2011

MARKO LAW

and educational well-being, and this has caused her to regress in her cognitive training progress.

## JURISDICTION AND VENUE

5. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

6. This Court has jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 USC § 1331 because the matters in controversy arise under the Constitution and laws of the United States of America.

7. This Court also has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 U.S.C. §1367.

8. This Court has personal jurisdiction over Defendants because Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department are public agencies of the State of Michigan with their headquarters and activities located in Macomb County, Michigan.

9. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Macomb County, Michigan.

## PARTIES

10. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

11. Plaintiff G.W., a minor, by and through her parent and guardian, Wilbur Walker, attended Will Carleton Middle School, in the Warren Consolidated School District in the MOCI Special Education Department at all relevant times. She is domiciled in Macomb County, Michigan.

12. Defendant Warren Consolidated School District is a public agency of the State of Michigan, with its headquarters and activities located in Macomb County, Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

13. Defendant Will Carleton Middle School is a public agency of the State of Michigan, with its headquarters and activities located in Macomb County, Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

14. Defendant Warren Consolidated Special Education Department is a public agency of the State of Michigan, with its headquarters and activities located in Macomb County, Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

15. Defendant Will Carleton MOCI Department is a public agency of the State of Michigan, with its headquarters and activities located in Macomb County, Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

16. Upon information and belief, Defendant Chris Shepard is a resident of the County of Macomb, State of Michigan, and at all relevant times was the Executive Director of Special Education at the Warren Consolidated Special Education Department. Defendant is being sued in his individual capacity.

17. Upon information and belief, Defendant Kendall Giovannini is a resident of the County of Macomb, State of Michigan, and at all relevant times was Supervisor of Special Education at the Warren Consolidated Special Education Department. Defendant is being sued in her individual capacity.

18. Upon information and belief, Defendant Amy Lowe is a resident of the County of Macomb, State of Michigan, and at all relevant times was the Supervisor of Special Education at the Warren Consolidated Special Education Department. Defendant is being sued in her individual capacity.

19. Upon information and belief, Defendant Amanda Abernathy is a resident of the County of Macomb, State of Michigan, and at all relevant times was the Supervisor of Special Education at the Warren Consolidated Special Education Department. Defendant is being sued in her individual capacity.

20. Upon information and belief, Defendant Eric Kausch is a resident of the County of Macomb, State of Michigan, and at all relevant times was the Principal at Will Carleton Middle School. Defendant is being sued in his individual capacity.

21. Upon information and belief, Defendant Steven Book is a resident of the County of Macomb, State of Michigan, and at all relevant times was the Assistant Principal at Will Carleton Middle School. Defendant is being sued in his individual capacity.

22. Upon information and belief, Defendant John C. Bernia, Jr., Ed.D. is a resident of the County of Oakland, State of Michigan, and at all relevant times was the Superintendent at Warren Consolidated School District. Defendant is being sued in his individual capacity.

23. Upon information and belief, Defendant Caitlin Leach is a resident of the County of Macomb, State of Michigan, and at all relevant times was a teacher and/or teaching aid at Will Carleton Middle School. Defendant is being sued in her individual capacity.

24. Jane/John Doe 1, upon information and belief is a resident of the State of Michigan, and at all relevant times was a teacher and/or teaching aid at Will Carleton Middle School. He/she is being sued in his/her individual capacity.

25. Jane/John Doe 2, upon information and belief, is a resident of the State of Michigan, and at all relevant times was a teacher and/or teaching aid at Will Carleton Middle School. He/she is being sued in his/her individual capacity.

26. Jane/John Doe 3, upon information and belief, is a resident of the State of Michigan, and at all relevant times was a teacher and/or teaching aid at Will Carleton Middle School. He/she is being sued in his/her individual capacity.

27. Jane/John Doe 4, upon information and belief, is a resident of the State of Michigan, and at all relevant times was a teacher and/or teaching aid at Will Carleton Middle School. He/she is being sued in his/her individual capacity.

28. Jane/John Doe 5, upon information and belief, is a resident of the State of Michigan, and at all relevant times was a teacher and/or teaching aid at Will Carleton Middle School. He/she is being sued in his/her individual capacity.

29. Jane/John Doe 6, upon information and belief, is a resident of the State of Michigan, and at all relevant times was a teacher and/or teaching aid at Will Carleton Middle School. He/she is being sued in his/her individual capacity.

30. The amount in controversy herein exceeds this Court's jurisdictional limit, exclusive of interest, costs, and attorney fees.

## **FACTS**

31. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

32. Defendants Caitlin Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6 were teachers and/or teaching aids employed by Defendant Will Carleton Middle School at all times relevant to this matter.

33. Defendant Leach was G.W.'s special education teacher for the 2025-2026 school year, as well as the 2024-2025 school year.

34. During the time of the events at issue, G.W. was an 11-year-old girl with Down's syndrome.

35. Due to her disability, G.W. has difficulty processing events that occur in real time, and it takes weeks for her to fully process and understand what occurred.

36. G.W. was a student in the Will Carleton MOCI Department in the Warren Consolidated School District, which is the middle school's special education department. This special education department is overseen by the Warren Consolidated Special Education Department and its supervisors.

37. During recess on September 15, 2025, Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6 were caught on video footage lifting up a picnic table and launching G.W. off the table and onto the ground where she landed on her back. Before being thrown to the ground, Defendants were seen bullying G.W. by ripping a Lego container out of her hands and acting aggressive towards her. Once G.W. was thrown to the ground, the Defendants stood over G.W. and continued to bully and taunt her.

38. Defendants took advantage of G.W. due to her young age and disability, knowing she would be unable to advocate for herself and inform an administrator of the abuse and discrimination she endured.

39. During this event, there were multiple staff members of Will Carleton Middle School standing around the picnic table observing the Defendants throw G.W. onto the ground. However, the video footage demonstrates that not one staff member intervened to protect G.W. from the blatant assault, abuse, harassment, and discrimination or sought help from administrators in the school, knowing that G.W. would be unable to seek help on her own.

40. School supervisors, administrators, teachers, teaching aids, and/or staff members failed to take action and address the videotaped blatant discrimination and abuse to G.W. due to her age and disability. The individuals responsible for keeping G.W. safe and advocating on her behalf were the exact individuals failing her, and due to these failures, the abuse and discrimination continued.

41. During recess on September 23, 2025, Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6 were caught on video footage for a second time lifting up a picnic table and launching G.W. off the table and onto the ground where she landed on her neck and back.

42. G.W. began screaming and crying while Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6 dragged her by her arms in attempts to place her in a wheelchair. G.W. was flapping her wrists in an effort to protect herself, a further demonstration of how terrified she was.

43. Due to her disability, G.W. was again unable to fully process the event in real time to advocate for herself. Once again, Defendants took advantage of this fact and escalated the abuse and discrimination knowing they could get away with it as they did the time before because G.W. would be unable to seek help.

44. During the September 23, 2025, event, there were multiple staff members of Will Carleton Middle School standing around the picnic table observing the Defendants throw G.W. onto the ground.  However, the video footage again demonstrates that not one staff member intervened to protect G.W. from the blatant assault, abuse, harassment, and discrimination, or sought help from administrators in the school.

45. Not only did Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6 assault, abuse, harass, and discriminate against G.W., Defendant Leach called G.W.'s parents to inform them that G.W. was misbehaving as she would not get off the ground and that they needed to come pick her up.

46. Defendant Leach failed to mention, even when G.W.'s parents picked her up from school, that G.W. was not getting off of the ground because Defendants physically and emotionally abused her and threw her to the ground.

47. **<u>This evidences the discrimination that G.W. endured as Defendants took full advantage of her vulnerability due to her age and disability.</u>**

48. There were multiple occasions when G.W.'s parents were asked to come pick G.W. up due to behavioral concerns. The question now becomes how many of those times was G.W.'s behavior a reaction to the ongoing abuse, harassment, and discrimination she endured by Defendants.

49. It was not until days later that Chris Shepard, the Executive Director of Special Education at the Warren Consolidated Special Education Department, called G.W.'s parents to inform them of the abuse and harassment their daughter endured. However, he only informed them about the event from September 23, 2025.

50. G.W. was unable to process the events until weeks later when she told her mother that she was scared. When asked what she was scared of, G.W. stated that she was scared of her teacher because she hurt her.

51. While G.W.'s parents assumed that the September 23, 2025, event was traumatizing to G.W., they could never imagine that this was not an isolated incident and that their

daughter has been continuously abused, harassed, and discriminated against by staff members at the school that they trusted with their daughter's safety and education.

52. It was not until **weeks later** that G.W.'s parents were informed that the abuse and harassment had been ongoing, and that the September 23, 2025, event was not isolated.

**53.** Defendant Chris Shepard called G.W.'s parents to inform them that a second video had surfaced from September 15, 2025. Defendant Shepard told G.W.'s parents **"the district failed you and your daughter miserably. One time could be considered an isolated event. However, now it is a pattern, and we know it is a pattern. Not that sorry helps the situation, but we are sorry we failed you."**

54. G.W.'s parents were informed that there are video cameras in the hallways, lunchroom, and playground at the middle school. When G.W.'s parents asked Defendant Shepard the purpose of the cameras since the video footage was not being reviewed, Defendant Shepard stated that they are correct and they need to start watching the video footage in order to protect the students, especially the special education students as they are unable to speak up when they are harmed. **Defendant Shepard admitted that the school was failing them and the other students by blatantly disregarding the video footage.**

55. Defendant Will Carleton Middle School suspended Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6. However, after weeks of investigation, all staff members remain employed by the Defendant school with no regard to G.W.'s physical and emotional distress.

56. G.W. has not returned to school since the videos surfaced, which is not only keeping her from receiving the education she is entitled to receive, but causing her emotional

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: (313) 470-2011

MARKO LAW

distress due to her inability to understand why she cannot see her friends at school and why her teachers are mean to her.

57. G.W. suffered and continues to suffer severe physical and emotional injury as a result of Defendants' deliberate actions and indifference to the repeated abuse, harassment, and discrimination to G.W. based on her disability and age.

## CAUSES OF ACTION

### COUNT I

**42 U.S.C. Section 1983 – Violation of the Fourteenth Amendment**
**(As to Defendants Kausch, Book, Bernia, Shepard, Giovannani, Lowe, and Abernathy)**

58. The proceeding paragraphs are incorporated by reference.

59. The Fourteenth Amendment encompasses the right to personal security and bodily integrity and applies to public school officials and supervisors, including Defendants Kausch, Book, Bernia, Shepard, Giovannani, Lowe, and Abernathy.

60. The physical abuse of Plaintiff by Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6 is a violation of her Fourteenth Amendment right to personal security and bodily integrity.

61. Physically abusing Plaintiff constituted deliberate indifference to her federally protected rights.

62. Defendants Kausch, Book, Bernia, Shepard, Giovannani, Lowe, and Abernathy, having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional rights.

63. Plaintiff G.W. suffered severe emotional injury as a result of these Fourteenth Amendment violations.

64. Defendants' acts and/or omissions proximately caused these injuries.

## COUNT II
### 42 U.S.C. Section 1983 – Violation of Right to Equal Protection
**(As to Defendants Kausch, Book, Bernia, Shepard, Giovannani, Lowe, and Abernathy)**

65. The preceding paragraphs are incorporated by reference.

66. Defendants' conduct toward Plaintiff, including physically abusing her and causing bodily harm, failing to protect her from physical abuse, and failing to protect her from such behavior lacked any pedagogical purpose.

67. Non-disabled students were not treated in the same manner.

68. Defendants' actions and/or omissions denied Plaintiff equal protection under the law.

69. Defendants Kausch, Book, Bernia, Shepard, Giovannani, Lowe, and Abernathy, having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional rights.

70. Plaintiff suffered severe emotional injury as a result of these Fourteenth Amendment violations.

71. Defendants' acts and/or omissions proximately caused these injuries.

## COUNT III

### *Monell* Claim

**(As to Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department)**

72. The preceding paragraphs are incorporated by reference.

73. Plaintiff has been subjected to a deprivation of clearly established, constitutionally protected rights and privileges secured by the Constitution of the United States, including her Fourteenth Amendment rights as described in Counts I and II.

74. The foregoing rights were clearly established at the time of the violations.

75. The deprivations were caused by the customs, policies, and established practices of the Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department, acting under color of their statutory and legal authority.

76. Defendants, Cailtin Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6, were state actors acting under the color of law.

77. Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department's deliberate indifference to Plaintiff subjected her to violations of her Fourteenth Amendment and Equal Protection rights including by failing to adequately train and supervise Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6, failing to adequately protect Plaintiff G.W., implicitly condoning the behavior of teachers, aids, and staff members harassing and bullying Plaintiff G.W., manifesting deliberate indifference to the ongoing harassment, bullying and emotional needs of Plaintiff G.W., and other policies, customs, and practices to be discovered through the course of litigation.

78. Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI

Department had actual or constructive notice of the dangers to Plaintiff and consciously disregarded these dangers.

79. The foregoing violations of 42 U.S.C. §1983 caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

80. Defendants' acts and/or omissions proximately caused these injuries.

**COUNT IV**
**Violations of the Americans with Disabilities Act (ADA)**
**(As to All Defendants)**

81. The preceding paragraphs are incorporated by reference.

82. At all times relevant herein, Plaintiff was an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12101, et seq.

83. Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department are public accommodations covered by and within the meaning of Title II of the ADA.

84. Defendants were aware of Plaintiff's disabilities, as she received special education services as a result, including Defendants Kausch, Book, Bernia, Shepard, Giovannani, Lowe, and Abernathy, all of which held a supervisory role over the special education department.

85. Plaintiff's disability, and/or record of disability, and/or perceived disability was a factor that made a difference in Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6's decision to harass and abuse Plaintiff.

86. Plaintiff's disability, and/or record of disability, and/or perceived disability was a factor that made a difference in Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department's failure to protect Plaintiff from harassment and abuse, and further their failure to protect her from bullying and harassment on the basis of her disability.

87. Non-disabled students were not treated in the same manner.

88. Defendants' acts and omissions resulted in a denial of public accommodations to which Plaintiff is entitled pursuant to the ADA.

89. Defendants' acts and omissions resulted in unlawful discrimination on the basis of a disability pursuant to the ADA.

90. Defendants' acts and omissions resulted in unlawful harassment on the basis of a disability pursuant to the ADA.

91. The foregoing violations of the ADA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

92. Defendants' acts and/or omissions proximately caused these injuries.

**COUNT V**
**Violation of §504 of the Rehabilitation Act of 1973**
**(As to All Defendants)**

93. The preceding paragraphs are incorporated by reference.

94. Discrimination on the basis of disability is prohibited by §504 of the Rehabilitation Act, 29 U.S.C. §794(a), which provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: (313) 470-2011

MARKO LAW

be subjected to discrimination under any program or activity receiving Federal financial assistance.

95. "States waive their Eleventh Amendment immunity with regard to Rehabilitation Act claims when they accept federal funds, and therefore, a Plaintiff may sue a state under §504 of the Rehabilitation Act." *Dillon-Barber v. Regents of the Univ. of Mich.*, No. 250596, 2005 Mich. App. LEXIS 1400, at \*13 (Ct. App. June 7, 2005). (Citing *Nihiser v. Ohio EPA*, 269 F.3d 626 (6th Cir. 2001)).

96. Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and the Will Carleton MOCI Department receive federal financial assistance and as such are subject to §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the federal regulations promulgated thereunder.

97. Plaintiff is an individual with a disability under the Rehabilitation Act.

98. The conduct previously alleged violates §504 of the Rehabilitation Act.

99. The foregoing violations of the Rehabilitation Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

100. Defendants' acts and/or omissions proximately caused these injuries.

**COUNT VI**
**Violation of ELCRA – Discrimination on the Basis of Age**
**(As to All Defendants)**

101. The preceding paragraphs are incorporated by reference.

102. Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and the Will Carleton MOCI

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: (313) 470-2011

MARKO LAW

Department are public services under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

103.    Defendants' acts and omissions constitute assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome assault, abuse, and other offensive conduct.

104.    Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

105.    Plaintiff's age was at least one factor in their treatment by Defendants.

106.    Plaintiff was discriminated against on the basis of her age, both in the assault by Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6, and the way in which Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department failed to respond to the assault and failed to address the harassment and bullying Plaintiff experienced as a result thereafter.

107.    The foregoing violations of the ELCRA caused substantial damage to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

108.    Defendants' acts and/or omissions proximately caused these injuries.

**COUNT VII**
**Violation of the Persons with Disabilities Civil Rights Act – Harassment**
**(As to All Defendants)**

109.    The preceding paragraphs are incorporated by reference.

110.    Plaintiff has severe disabilities, covered by the Act, is perceived as having disabilities, and/or had a record of having disabilities.

111.    Defendants were aware of Plaintiff's disabilities, as she received special education services as a result, including Defendants Kausch, Book, Bernia, Shepard, Giovannani, Lowe, and Abernathy, who all had supervisory positions over the special education department.

112.    Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6's decision to assault and abuse Plaintiff.

113.    Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department's failure to protect Plaintiff from assault and abuse, and further their failure to protect her from bullying and harassment on the basis of her disability.

114.    Non-disabled students were not treated in the same manner.

115.    Defendants' acts and omissions resulted in a denial of public accommodations to which Plaintiff is entitled to, pursuant the Persons with Disabilities Civil Rights Act.

116.    Defendants' acts and omissions resulted in unlawful discrimination on the basis of a disability pursuant to the Persons with Disabilities Civil Rights Act.

117.    Defendants' acts and omissions resulted in unlawful harassment on the basis of a disability pursuant to the Persons with Disabilities Civil Rights Act.

118.    The foregoing violations of the Persons with Disabilities Civil Rights Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages, and emotional distress.

119.    Defendants' acts and/or omissions proximately caused these injuries.

**COUNT VIII**
**Violation of the Persons with Disabilities Civil Rights Act – Discrimination**
**(As to All Defendants)**

120.    The preceding paragraphs are incorporated by reference.

121.    Plaintiff has severe disabilities, covered by the Act, is perceived as having disabilities, and/or had a record of having disabilities.

122.    Defendants were aware of Plaintiff's disabilities, as she received special education services as a result, including Defendants Kausch, Book, Bernia, Shepard, Giovannani, Lowe, and Abernathy, who all had supervisory positions over the special education department.

123.    Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6's decision to assault and abuse Plaintiff.

124.    Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

125.    Plaintiff's disabilities were at least one factor in her treatment by Defendants.

126.    Plaintiff was discriminated against on the basis of her disabilities, both in the assault by Defendants Leach, Jane/John Doe 1, Jane/John Doe 2, Jane/John Doe 3, Jane/John Doe 4, Jane/John Doe 5, and Jane/John Doe 6's and the way in which Defendants Will Carleton Middle School, Warren Consolidated School District, Warren Consolidated Special Education Department, and Will Carleton MOCI Department responded to the assault and failed to act after the first videotaped incident.

127.   The foregoing violations of the Persons with Disabilities Civil Rights Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

128.   Defendants' acts and/or omissions proximately caused these injuries.

## DAMAGES

129.   The preceding paragraphs are incorporated by reference.

130.   The acts and omissions of Defendants constituted a violation of Plaintiff's constitutional, statutory, and common law rights were and are a proximate cause of Plaintiff's damages.

131.   As a result of Defendants' acts and omissions, Plaintiff has suffered emotional and physical injuries all of which are ongoing, and resulting in damages including, but not limited to:

   a.   Emotional distress;

   b.   Loss of personal freedom and liberty;

   c.   Pain and suffering;

   d.   Exemplary damages;

   e.   An award of punitive damages;

   f.   Reasonable attorney fees and costs;

   g.   All other such relief which appears reasonable and just under the circumstances.

WHEREFORE Plaintiff G.W. prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

Respectfully submitted,

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: (313) 470-2011

MARKO LAW

*/s/ Ariel B. Kellersohn*
Ariel B. Kellersohn (P86324)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Fl.
Detroit, MI 48226
P: (313) 466-2785/ F: (313) 771-5785
Email: arielk@markolaw.com

DATE: October 24, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

G.W., a minor, by and through her parent and
natural guardian, WILBUR WALKER;

     Plaintiff,

-vs-

WILL CARLETON MIDDLE SCHOOL,
WARREN CONSOLIDATED SCHOOL
DISTRICT, WARREN CONSOLIDATED
SPECIAL EDUCATION DEPARTMENT,
WILL CARLETON MOCI SPECIAL
EDUCATION DEPARTMENT, CHRIS
SHEPARD, in his individual capacity,
KENDALL GIOVANNINI, in her individual
capacity, AMY LOWE, in her individual
capacity, AMANDA ABERNATHY, in her
individual capacity, JOHN C. BERNIA, JR.,
Ed.D, in his individual capacity, ERIC
KAUSCH, in his individual capacity, STEVEN
BOOK, in his individual capacity, CAITLIN
LEACH, in her individual capacity, and
JANE/JOHN DOE 1, in her/his individual
capacity, JANE/JOHN DOE 2, in her/his
individual capacity, JANE/JOHN DOE 3, in
her/his individual capacity, JANE/JOHN DOE
4, in her/his individual capacity, JANE/JOHN
DOE 5, in her/his individual capacity,
JANE/JOHN DOE 6, in her/his individual
capacity

Case No.
Hon.
Magistrate

**Jury Trial Demanded**

ARIEL B. KELLERSOHN (P86324)
JONATHAN R. MARKO (P72450)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7777

arielk@markolaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, G.W, by and through her attorneys, MARKO LAW,

PLLC, hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Ariel B. Kellersohn*
Ariel B. Kellersohn (P86324)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Fl.
Detroit, MI 48226
P: (313) 466-2785/ F: (313) 771-5785
DATE: October 24, 2025                Email: arielk@markolaw.com